# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KEYSTONE MOUNTAIN LAKES REGIONAL COUNCIL OF CARPENTERS as successors to NORTHEAST REGIONAL COUNCIL OF CARPENTERS, NORTHEAST CARPENTERS FUNDS AND THE TRUSTEES THEREOF,

Petitioners,

v.

FLOORING INSTALLERS WORKROOM,

Respondent.

Civil Action No. 18-16061 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Keystone Mountain Lakes Regional Council of Carpenters as successors to Northeast Regional Council of Carpenters, Northeast Carpenters Funds and the Trustees Thereof's ("Petitioners") Petition to Confirm Arbitration Award (Pet., ECF No. 1) and Motion to Confirm Arbitration Award (Motion, ECF No. 2). Flooring Installers Workroom ("Respondent") has not appeared in this action. The Petition indicates that the September 6, 2018 Arbitration Award covers delinquent payments for the period of January 2015 through December 2017. (Pet., Ex. D.) Article XXXXIII of the Agreement submitted in support of the Petition, however, provides that "[t]his Agreement shall become effective on the 1st day of May, 2013 and shall terminate on midnight April 30, 2016." (Pet., Ex. A.) It appears, therefore, that the delinquency period at issue fell partially inside and partially outside the period covered by the Agreement. Petitioners, however, did not reference a provision that extended the date of the Agreement.

In addition, the Petition states, "*[a]t all times relevant*, Respondent *was*, and *still is*, a business entity duly organized and existing under the laws of the State of New Jersey, with a principal place of business located at 111 Chatham Lane, [Point] Pleasant, New Jersey 08742." (Pet. ¶ 3) (emphasis added). The Short Form Agreement Petitioners submitted, however, provides an entirely different address with a zip code of 07052. (Pet., Ex. B.) The Arbitration Award indicates that "due notice of the hearing was issued to the Employer" but does not include an address. (Pet., Ex. D.) Finally, Petitioners did not file a legal brief; rather, Petitioners submitted a "Statement that No Brief is Necessary." (Statement, ECF No. 2-1.)

Here, based on the discrepancies in the record and the lack of a legal brief, the Court finds Petitioners have not adequately demonstrated entitlement to relief. Based on the foregoing, and other good cause shown,

**IT IS** on this 28th day of June 2019, **ORDERED** that:

1. Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

2. Petitioners may file a renewed Motion by **July 29, 2019** with appropriate supporting documentation and a supporting brief.[1]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioners' renewed motion papers must also include proof of service.